## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

1661, Inc., *a Delaware corporation doing business as* GOAT,

      **Plaintiff,**

      v.

**Goatlift, LLC,** *an Ohio limited liability company*,

      **Defendant.**

**Case No. 2:24-cv-78**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

### OPINION AND ORDER

On January 9, 2024, 1661, Inc. ("Plaintiff") sued Goatlift, LLC ("Defendant") and ten John and Jane Doe defendants under the Lanham Act, Ohio Deceptive Trade Practices Act, and Ohio common law. Compl., ECF No. 2. Defendant was served two days later. ECF No. 5. After Defendant failed to timely answer the Complaint, Plaintiff received an entry of default pursuant to Federal Rule of Civil Procedure 55(a). Entry of Def., ECF No. 7. Plaintiff voluntarily dismissed the John and Jane Doe defendants but moves for default judgment against Defendant. Mot. Dismiss, ECF No. 12; Mot. Def. J., ECF No. 11. Defendant failed to timely respond to the motion for default judgment.

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability . . . ." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016) (citations omitted). But "[e]ven though the well-pleaded factual allegations of the

complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief . . . ." *Id.* at 672 (citation omitted).

Here, even considering the factual allegations in the Complaint as true, the Court seriously doubts whether Defendant's marks pose a likelihood of confusion and, accordingly, whether Plaintiff is entitled to default judgment on its claims. Instead of deciding that issue, however, the Court elects to **STAY** this litigation until conclusion of the opposition proceedings pending before the Trademark Trial and Appeal Board ("TTAB").

"Whether to grant . . . a stay pending an administrative proceeding appears to be within this Court's reasonable discretion." *CTP Innovations, LLC v. V.G. Reed and Sons, Inc.*, 2014 WL 12726073, at *1 (W.D. Ky. July 18, 2014) (citation omitted); *Goulas v. Goulas*, No. 08-cv-12712, 2009 WL 33431, at *1 (E.D. Mich. Jan. 5, 2009) ("A district court can, at its discretion, stay an action pending the conclusion of an alternative administrative proceeding." (citation omitted)). The Court considers the totality of the circumstances, including "(1) whether the stay will unduly prejudice a non-moving party; (2) whether the stay will allow for simplification of the issues in this litigation; . . . and (3) whether the particular stage in the litigation makes a stay convenient." *CTP Innovations, LLC*, 2014 WL 12726073, at *1 (citation omitted).

First, a stay will not prejudice Plaintiff. Plaintiff noticed its opposition to Defendant's marks (Applications 88/700640, 88/712447, and 88/712494) in the

TTAB proceedings on September 2, 2020.[1]  Unlike here, the TTAB docket demonstrates that both parties have been actively involved in the opposition proceedings, with briefing on each application to be completed within approximately one month.  Yet, Plaintiff waited until January of this year—over three years—to file its civil suit in this Court.  Given that Plaintiff proceeded before the TTAB for three years before filing suit, Plaintiff will not be prejudiced by waiting for a conclusion of those proceedings.

Second, the stay will simplify issues in this litigation.  "Opposition proceedings before the TTAB are in many ways similar to a civil action in a federal district court."  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 143 (2015) (internal quotations and citation omitted).  Indeed, "the same likelihood-of-confusion standard applies to both registration and infringement." *Id.* at 154.  And, "[s]o long as the other ordinary elements of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply."  *Id.* at 160.

Thus, if TTAB finds Defendant's marks will cause a likelihood of confusion, and that decision is either not appealed or upheld on appeal, Plaintiff is entitled to default judgment in this case.  Alternatively, an upheld TTAB decision of "no likelihood of confusion" will mean Plaintiff is not entitled to default judgment. Either way, a final TTAB decision will be binding on this Court.  *Id*.

---

[1] The Court takes judicial notice of the existence of the filings on TTAB dockets.  *E.g.*, *Davis v. Hollywood and Ivar, LLC*, 2021 WL 4816822, at *2 (C.D. Cal. July 30, 2021).

Third, the stage of litigation makes a stay convenient.  Ordinarily, it would be more efficient to resolve a motion for default judgment than to await a final administrative decision that will affect the same.  But, as alluded to above, Plaintiff's success on its claims is not guaranteed.  Instead, the Court would need to perform a full "likelihood of confusion" analysis based on the alleged facts. That requires analysis of an eight-factor test—a test Plaintiff did not even cite, let alone engage fully with, in its motion.  Thus, although the civil action is at the default judgment stage, this is one of the rare instances where it is more convenient to stay the litigation in favor of the administrative proceeding.

While many courts have refused to stay civil infringement actions pending conclusion of TTAB opposition proceedings, others have granted a stay.  *E.g.*, *Shaf Int'l, Inc. v. Ultimate Leather Apparel, Inc.*, 2021 WL 409757 (D.N.J. Feb. 5, 2021) (upholding a magistrate judge's grant of a stay pending TTAB proceedings); *Branded, LLC v. Vans, Inc.*, No. SACV 20-2085 JVS (KESx), 2020 WL 8385656, at *4 (C.D. Cal. Dec. 7, 2020) ("Considering how advanced the TTAB proceedings are, the Court considers it proper to let them run their course. Regardless of the outcome, the issues will be simplified for this court, promoting judicial economy."); *Tigercat Int'l, Inc. v. Caterpillar Inc.*, No. 16-cv-1047-GMS, 2018 WL 2049816, at *4 (D. Del. May 2, 2018) ("Even absent a preclusive effect, courts look to the TTAB for its analysis on both the issues of likelihood-of-confusion and dilution as highly instructive and persuasive." (citation omitted)); *Anstalt v. Bacardi & Co. Ltd.*, No. CV 16-06411-GHK (FFMx), 2016 WL 7635955,

at \*3 (C.D. Cal. Nov. 16, 2016) ("At a minimum, TTAB's ruling on the likelihood-of-confusion issue will be highly persuasive authority.  It might even have preclusive effect." (citation omitted)).  Given that all three factors favor a stay here, a stay is appropriate.

Accordingly, the Clerk shall **STAY** this case.  Plaintiff shall **FILE** a status update every **NINETY DAYS** indicating the status of the TTAB opposition proceedings.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT